CALVERT, Respondent, *vs.* RIDER & ALLEN, Appellants.

1. The satisfaction of a judgment for the value of a slave carried out of this state by a boat, recovered in the statutory action against the master or owner, or against the boat itself, (R. C. 1845, tit. Slaves, art. 1, secs. 31, 32,) is no bar to the common law action by the owner against all those concerned in removing the slave. But a recovery and satisfaction under one section of the statute is a bar to a recovery under the other section.

2. The clerk of a boat, who received the passage money from a slave, carried out of the state under circumstances which would make the master liable as a trespasser, may, in the absence of further proof, properly be found to have assented to the trespass.

*Appeal from St. Louis Court of Common Pleas.*

This was an action against Rider, the master, and Allen, the clerk, of the steamboat Timoleon, to recover damages for a trespass in transporting a slave of the plaintiff out of the state of Missouri, whereby the slave was lost.

The cause was submitted upon the following agreed facts: In the fall of 1849, the plaintiff's slave came on board the steamboat, took passage for some point on the Illinois river, paid his passage money to Allen, the clerk, and went up the river on the boat to the point of his destination. Both Rider, the master, and Allen, the clerk, knew that the slave was going on the boat. Before this suit was begun, the plaintiff brought

a suit *in rem* against the steamboat for taking the slave, and recovered judgment for his value, which had been satisfied.

Upon these facts, the court below gave judgment for the plaintiff for the value of the slave, from which defendants appealed.

Mr. *Shepley,* for appellants, relied upon these points: 1. The recovery and satisfaction in the suit of the same plaintiff against the steamboat Timoleon, is a bar to this action. The statute is a penal one, and is to be construed strictly. The words, "without prejudice to any right of action at common law" must be construed as merely intended to give the owner of the slave a *choice* of remedies. 2. If even a recovery can be had in this case against Rider, the master, Allen, the clerk, is not liable either by the statute or at common law. It is the business of the master, not of the clerk, to decide who is to go on a boat.

*A. H. Buckner, Glover & Richardson,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. The principle question discussed in this case is, whether the owner of a slave, after he has recovered judgment and obtained satisfaction, in an action against a steamboat for the transportation of his slave out of the state, can maintain an action at common law against those who were concerned in removing the slave from the state.

The 31st section of the act concerning slaves, (R. C. 1845, p. 1018,) gives to the owner of a slave transported out of the state, or from one point to another, within the state, on board of any boat or vessel, a right to sue the master, commander or owner of the vessel, in an action of debt. The section declares that the master, commander or owner "shall forfeit and pay the value of such slave to his owner, to be recovered by action of debt, without prejudice to the right of such owner to his action at common law."

The 32d section provides that any boat or vessel used in

navigating the waters of this state, whose master, owner or commander shall violate the preceding section, shall be liable to the same extent that such master, owner or commander is, and then gives the means of redress under the act concerning boats and vessels, " without prejudice to any right of action at common law."

The plaintiff has recovered judgment against the steamboat Timoleon for the value of his slave, and sues in this action at common law again to recover the value.

The statute, in each of the sections, imposes a penalty ; in the 31st, on the master or owner ; in the 32d, on the boat. The recovery and satisfaction of either of these penalties, under either section, will bar the recovery of the penalty under the other. But the recovery and satisfaction, under either section, is no bar to the recovery in a common law action of trespass ; for the statute so declares. The measure of recovery, under either section of the statute, is the value of the slave, although his owner may have retaken him without much expense or loss of time. The recovery in the action at common law is to be for the damages sustained by the wrongful act in taking the slave away, and in flagrant cases of wrong, such smart money as may be reasonable. The statute was designed to make those who are engaged in the navigation of the waters of our state, and who have peculiar facilities for removing slaves, liable for a penalty for such removal in their vessels ; while they remain liable, in common with all other persons, for damages occasioned by trespasses. The recovery against the steamboat was no bar to the recovery against those who committed the trespass.

2. It is insisted that, as the defendant, Allen, was only clerk of the boat, and only received the passage money from the slave for taking him to some point in Illinois, he is not liable to this action. But if a trespass was committed by taking away the property of the plaintiff, it would appear to be proof of very clear assent to the act of trespass, that he should receive the pay for doing the act. At least, without some evi-

dence showing that he was under some compulsion, the conclusion is altogether proper, that he assented and thereby became liable as a trespasser. The judgment is, with the concurrence of the other judges, affirmed.